UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID KISSI, | ) | CASE NO. 4:08 CV 1784 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| PAUL CLEMENT, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff David Kissi filed this action against former United States Solicitor General Paul Clements, United States Courts Administrator James C. Duff, and the Clerk of Court United States District Court for the District of Maryland Felicia Conner. In the complaint, plaintiff attacks judgments taken against him in the United States District Court for the District of Maryland. He seeks $ 100,000,000.00 in damages. Mr. Kissi filed a Supplement to his Complaint on August 26, 2008 seeking to add 80 defendants to this action, and raising his demand to "a billion dollars." (Suppl. Compl. at 1.) Since then, he has filed two other Supplements seeking to add Alan Dershowitz, "American Indian lawyers at Bloomberg" Mr. and Mrs. Dorri, Amendale Trust substitute trustee Paul Mean, attorney Jim Ryan, and "Jewish Organization" B'nai B'rth and "+/-

200 other wise guys/defendants." He does not identify the majority of the 200 defendants.

## Background

Mr. Kissi has waged a nine year long legal battle in the Maryland federal courts which has produced numerous repetitious suits and resulted in Mr. Kissi's conviction of multiple federal charges. The incidents giving rise to this litigation occurred fifteen years ago.[1] At that time, Mr. Kissi and his wife, Edith Truvillion, were officers, directors and the only shareholders in DK&R Company, Inc. ("DK&R"), which had its principal place of business in Maryland. DK&R owned three warehouse condominium units at 10630 South Riggs Hill Road in Jessup Maryland, Unit U, Unit V and Unit W. In 1993, the corporation obtained a loan from The Money Store which was secured by Units V and W. In July 1994, DK&R obtained a second loan from the Money Store which was secured by all three Units. In May 1996, a third loan was obtained by DK&R through Key Bank, NA, which was also secured by the three condominiums. The loans were guaranteed by the U.S. Small Business Administration ("SBA") through a general agreement with lenders who extend credit to SBA eligible borrowers. Mr. Kissi and his wife also personally guaranteed the three loans. DK&R defaulted on the loan payments, and The Money Store, Key Bank and the SBA sent notice to Mr. Kissi and Ms. Truvillion that the notes were being accelerated due to the default. Mr.

---

[1] The factual information provided by Mr. Kissi is very disjointed. He refers to individuals, entities and events as though the court is familiar with the extensive history of the litigation. For the sole purpose of interpreting his pleadings, the court takes notice of the cases previously filed in this court by Mr. Kissi. See Kissi v. Pramco, Case No. 4:08 CV 893 (N.D. Ohio dismissed June 5, 2008)(Lioi, J.); Kissi v. Coldwell Banker, Case No. 4:08 CV 894 (N.D. Ohio dismissed June 5, 2008)(Lioi, J.); Kissi v. Kremen, Case No. 4:08 CV 924 (N.D. Ohio dismissed June 5, 2008)(Lioi, J.); Kissi v. Mitchler, Case No. 4:08 CV 1050 (N.D. Ohio dismissed June 19, 2008)(Adams, J.); Kissi v. Wilson, Case No. 4:08 CV 1052 (N.D. Ohio dismissed June 19, 2008)(Adams, J.); Kissi v. Clement, Case No. 4:08 CV 1373 (N.D. Ohio dismissed July 31, 2008)(Oliver, J.)

Kissi and Ms. Truvillion failed to make payments as they were required to do as guarantors. The Money Store instituted foreclosure proceedings in the Circuit Court for Howard County, Maryland. At some point after the default, Pramco accepted assignment of the three mortgages. A foreclosure sale was scheduled to take place on September 8, 2000.

One day before the sheriff sale, on September 7, 2000, DK&R filed for Chapter 11 bankruptcy reorganization, effecting a stay on the foreclosure proceedings. See In Re DK&R Company, No. 00-61147 (Bankr. D. Md. filed Sept. 7, 2000)(Derby, J.) Pramco sought release of the South Riggs Hill Units from the bankruptcy stay. Before the court could rule on Pramco's Motion, United States Trustee ("Trustee") Mr. Kremen accused Mr. Kissi of depositing rents into non-estate bank accounts and diverting funds for uses other than the benefit of the bankruptcy estate and its creditors in 2001. Mr. Kremen asked the court to convert the Chapter 11 reorganization proceeding to liquidation action under Chapter 7. After an evidentiary hearing, the court granted Mr. Kremen's Motion.

Mr. Kissi responded to the conversion order by filing a personal Chapter 13 bankruptcy on July 19, 2001, listing the South Riggs Hill condominiums as his personal assets. See In Re: David Kissi, Case No. 01-61298 (Bankr. D.Md. filed July 19, 2001)(Smalkin, J.) He claimed that the corporation dissolved after filing bankruptcy, and the properties in the name of the corporation, therefore, became Mr. Kissi's personal property. He further claimed that since the properties were now his personal property, they could not be subject to liquidation in the Chapter 7 corporate bankruptcy of DK&R. Mr. Kremen objected to Mr. Kissi's attempt to dispose of corporate assets through personal bankruptcy. The court also rejected this argument. Thereafter,

Mr. Kissi filed a motion seeking to enjoin the Chapter 7 case pending his appeal from the conversion order and sought recusal of the Bankruptcy Judge presiding over the corporate bankruptcy. Both of those motions were denied. Thereafter, Mr. Kissi failed on several occasions to attend the mandatory meeting of the creditors and as a result, the personal Chapter 13 bankruptcy was dismissed with prejudice. Mr. Kissi filed multiple Motions for Reconsideration which were all denied.

Meanwhile, the corporate Chapter 7 bankruptcy continued to progress and the court considered several motions concerning the future of the South Hill Riggs properties. Pramco filed another motion for relief from bankruptcy stay to proceed with an action against Mr. Kissi and Ms. Truvillion as the personal guarantors of the loans. The Motion was granted over DK&R and Kissi's numerous objections. Mr. Kremen filed a Motion to sell the properties free and clear of the liens. Again, the Motion was granted over the objections of Mr. Kissi and DK&R. Mr. Kissi and Ms. Truvillion, then filed objections to the sale of the property on behalf of the Ammendale Trust, for which they claimed to be Trustees. The court ruled that the trust was the alter ego of Mr. Kissi and his wife and denied their objection. DK&R, Mr. Kissi and the Ammendale Trust all filed separate objections and motions to vacate the orders. All of these Motions were denied.

With the stay in the personal bankruptcy lifted, Pramco filed three separate actions in the United States District Court for the District of Maryland in January 2003, against Mr. Kissi and Ms. Truvillion as the guarantors of the business loans. Following an evidentiary hearing and multiple objections, United States District Judge Peter Messitte granted summary judgment against Mr. Kissi and Ms. Truvillion and asked each party to prepare a calculation of the amount owed on

4

the loans. Pramco submitted its calculation of approximately $ 700,000.00 on February 27, 2003. See Pramco II, LLC v. Kissi, Case Nos. 8:02 CV42, 8:02 CV 43, and 8:02 CV 44 (D. Md.). Mr. Kissi responded by filing a second personal bankruptcy action under Chapter 13 on March 7, 2003, staying the entry of summary judgment. Both Pramco and Mr. Kremen filed objections and Motions to Dismiss the bankruptcy petition as filed in bad faith. After numerous objections, and multiple Motions for Continuances, Mr. Kissi voluntarily dismissed the bankruptcy on July 28, 2003. The court ordered the petition dismissed with prejudice.

The litigation did not end, however, with the sale of the properties or the summary judgment on the guaranty on the loans. Mr. Kissi, his wife, DK&R and the Ammendale Trust have filed 21 separate civil actions in the Maryland District Court to challenge the bankruptcy decisions and the grant of summary judgment on the loan guaranty.[2] In those actions, they have filed at least

---

[2] See Kissi v. Pramco II, LLC, Case No. 8:03-CV-02370 (D. Md. dismissed Oct. 29, 2003); Kissi et al v. Hirsch, 8:05-CV-02781 (D. Md. dismissed Aug. 30, 2006); Kissi v. Wiser, 8:99-CV-01811 (D. Md. dismissed June 29, 1999); Kissi v. Schwartz, Case No. 8:07-CV-03398 (D. Md. dismissed Jan. 7, 2008); Kissi v. Goldberger, Case No. 1:01-CV-03712 (D. Md. dismissed Dec. 06, 2001); Kissi v. Goldberger, Case No. 1:01-CV-04199 (D. Md. dismissed Sept. 30, 2002); Kissi v. Kremen, Case No. 1:02-CV-00343 (D. Md. dismissed Feb.8, 2002); Kissi v. Stephenson, Case No.1:03-CV-01399 (D. Md. dismissed Aug. 5, 2003); Kissi v. Barilla, Case No.1:03-CV-01421 (D. Md. dismissed Aug. 5, 2003); Kissi v. Nunan, Case No. 1:03-CV-02237 (D. Md. dismissed Oct. 7, 2003); Kissi v. Kremen, Case No. 1:05-CV-02414 (D. Md. dismissed Dec.12, 2005); Mayor and City Council of Baltimore v. Wells Fargo Bank, N.A., 1:08-CV-00062 (D. Md. filed Jan. 8, 2008); Kissi v. U.S. SBA, Case No. 1:99-CV-01228 (D. Md. dismissed Sept. 14, 1999); Kissi v. Equifax Credit, Case No. 1:99-CV-01865 (D. Md. dismissed Oct. 18, 1999); Kissi et al v. Hirsch, Case No. 8:05-CV-02781 (D. Md. dismissed Aug. 30, 2006); Kissi v. Wiser, Case No. 8:99-CV-01811 (D. Md. dismissed June 29, 1999); Kissi v. Schwartz, Case No. 8:07-CV-03398 (D. Md. dismissed Jan. 7, 2008); Kissi v. Weir, Case No. 8:07-CV-03437 (D. Md. filed Dec. 26, 2007); Kissi v. Kremen, Case No. 8:08-CV-00748 (D. Md. dismissed June 3, 2008); Kissi v. Clement, Case No. 8:08 CV 2178 (D. Md. dismissed Sept. 5, 2008); Kissi v. Clement, Case No. 8:08 CV 2273 (D. Md. filed August 29, 2008).

5

63 appeals in the United States Fourth Circuit Court of Appeals. In the corporate bankruptcy action alone, 156 Motions and Objections were filed by Mr. Kissi or his wife. Pramco filed two actions in an attempt to stop the flood of litigation, claiming that the actions were frivolous and filed solely for the purpose of harassing the defendants.[3] The Maryland District Court agreed with Pramco and declared Mr. Kissi and his wife to be vexatious litigants. They are enjoined from filing documents in the District of Maryland without leave of court. Even after being enjoined, Mr. Kissi continued to find ways to thwart the ruling. He filed multiple actions in the state courts only to have them removed to federal court. He filed two cases in the United States District Court for the District of Columbia[4] and five prior cases in the Northern District of Ohio.[5] None of the actions set forth herein have been decided in favor of Mr. Kissi, Ms. Trivillion, DK&R, or the Ammendale Trust.

As a further result of his litigation activities, Mr. Kissi was convicted in the Maryland District Court of one count Bankruptcy Fraud, two counts of Aiding and Abetting, two counts of Obstruction of Justice, and two counts of Criminal Contempt. He was sentenced to 30 Months and One (1) Day Imprisonment, and 3 years Supervised Release with Conditions. He was also charged a $700 Special Assessment, and a $10,000 fine. Mr. Kissi is currently incarcerated in

---

[3] See Pramco II, LLC v. Kissi, Case No. 8:03-CV-01297 (D. Md. dismissed May 27, 2003); Pramco II, LLC v. Kissi, Case No. 8:03-CV-02241 (D. Md. dismissed Aug. 11, 2005).

[4] See Kissi v. Messitte, Case No. 1:08 CV 1213 (D.DC dismissed Aug. 5, 2008); Kissi v. Kremen, Case No. 1:01 CV 2584 (D.DC dismissed Jan. 9, 2002);

[5] See Kissi v. Pramco, Case No. 4:08 CV 893 (N.D. Ohio dismissed June 5, 2008); Kissi v. Coldwell Banker, Case No. 4:08 CV 894 (N.D. Ohio dismissed June 5, 2008); Kissi v. Kremen, Case No. 4:08 CV 924 (N.D. Ohio dismissed June 5, 2008); Kissi v. Mitchler, Case No. 4:08 CV 1050 (N.D. Ohio dismissed June 19, 2008); Kissi v. Wilson, Case No. 4:08 CV 1052 (N.D. Ohio dismissed June 19, 2008).

the Federal Correctional Institution in Elkton, Ohio.

Apparently undeterred by these consequences, Mr. Kissi filed the within action against the former United States Solicitor, the Administrator of the United States Courts, and the District of Maryland Clerk of Court. He claims that the "defendants have in bad faith seized the funds in the federal escrow account of Ammendale Trust of which the plaintiff is a co-Trustor. This occurred after the plaintiff's trust assets of about $ 3 million were ordered liquidated at a few cents on the dollar to pay off a fraudulent $ 855k judgment to Pramco for a 50k actual debt." (Compl. at 1.) He filed an Amended Complaint on August 26, 2008 to increase his prayer for relief to "a billion dollars" and to add 82 defendants. (Am. Compl. at 1.) In the amended complaint, Mr. Kissi states that "this matter is a derivative cause from the DK&R Chapter 7 matter of which there are several on-going litigation in Federal Court." (Am. Compl. at1.) He seeks to add 82 defendants, including the federal judge that issued the enjoining order in the District of Maryland, United States Attorneys, individuals connected to the other civil cases he filed, employees of Pramco, private attorneys, court personnel, law firms, United States Trustees, Bureau of Prisons officials, bank presidents, individuals employed by the small business administration, Federal Bureau of Investigation agents, employees of The Money Store, news agencies, and Judges.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[6] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Review of the complaint indicates the specific events and omissions of which plaintiff complains occurred in Maryland. Furthermore, all of the original defendants appear to reside in Maryland or Washington D.C. A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district where any defendant resides, if all defendants reside in the same state; a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). As none of the defendants reside in the State of Ohio and the events giving rise to the claims in this action occurred in Maryland, this court is not the proper venue to assert these claims.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. For the reasons stated below, the court finds that it would not be in the

---

[6] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

8

interest of justice to transfer this matter, and this action is therefore dismissed.

The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. All of these issues have been thoroughly litigated over the course of the last nine years in the District of Maryland, the District of Columbia, and the Northern District of Ohio. Plaintiff is precluded from litigating this matter for a yet another time.

## Vexatious Litigation

Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ.

9

Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[7]

Mr. Kissi has established a clear pattern of filing complaints in this court and in other district courts which are patently frivolous and vexatious, and which are certainly calculated to harass the defendants and abuse the judicial process. It also is apparent that he will continue on this course until he is prevented from proceeding in this manner. Accordingly, David M. Kissi is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by his in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by his or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.

---

[7] Other circuits have endorsed enjoining these types of filers. See, Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir.1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Mr. Kissi prior to him obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," <u>and</u> unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Mr. Kissi files, unless and until leave is granted.

(3) No further Motions or Objections will be considered in this case. The Clerk's Office is directed to return any such documents to Mr. Kissi unfiled. The court specifically states that no Motions for Reconsideration, Motions for Relief from Judgment, or Motions to Alter or Amend Judgment will be accepted or considered.

11

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). Furthermore, David M. Kissi is enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court as set forth in the Memorandum of Opinion and Order. In addition, no further documents, including but not limited Motions for Reconsideration, Motions for Relief from Judgment, or Motions to Alter or Amend Judgment will be accepted in this case. The Clerk's Office is ordered to return any such documents to Mr. Kissi unfiled. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: October 2, 2008